■ In the Matter of Diamond Asphalt Corp., Appellant, v Elliot G. Sander, as Commissioner of the New York City Department of Transportation, et al., Respondents, and Consolidated Edison Company of New York, Inc., et al., Intervenors-Respondents. [656 NYS2d 248] —Order and judgment (one paper), Supreme Court, New York County (Helen Freedman, J.), entered August 21, 1996, which denied petitioner's application pursuant to CPLR article 78 to annul the award of certain public works contracts to bidders other than petitioner, and dismissed the petition, unanimously affirmed, without costs.

The IAS Court properly dismissed the petition on the ground

that the Mayor possesses and lawfully exercised his bypass authority under New York City Charter § 313 (b) (2) in awarding the contracts to bidders who, although not lowest bidders on the public work portion of the contracts, were the lowest bidders on both the public work and utility interference portions in the aggregate. The exercise of such authority did not violate General Municipal Law § 103 (1), since bypass authority was established prior to September 1, 1953 and was merely revised and restated upon its transfer to the Mayor when the Board of Estimate was abolished (*Matter of HHM Assocs. v Appleton*, 157 Misc 2d 759; *Trocom Constr. Corp. v Giuliani*, NYLJ, Aug. 1, 1996, at 22, col 3). In any event, examination of the " 'total character of the arrangement' " convinces us that the utility interference work called for in the contracts did constitute "public work" within the meaning of General Municipal Law § 103 (1) (*Matter of Citywide News v New York City Tr. Auth.*, 62 NY2d 464, 472), and, for that alternative reason as well, the challenged bidding procedure does not violate that statute. We have considered petitioner's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Tom, JJ. [*See*, 171 Misc 2d 879.]